Brian M. Higbie  (BH 6952)
Law Office of Brian M. Higbie
202 Barnes Street
Ossining, NY 10562
(914) 613-9250

*Attorney for Plaintiff*
MJ's HERBALS, LLC

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X
MJ'S HERBALS, LLC, a New York limited liability
company,                                                          Civil Action No.: 19-CV-00384

                                        Plaintiff,

                                                                  **COMPLAINT**

            v.

ORGANIC BOTANICALS, LLC D/B/A EM'S
HERBALS, a Washington limited liability entity; and
EMILY PACHECO, an individual,

                                        Defendants.
                                                                  **Jury Trial Demanded**
--------------------------------------------------------------------X


        Plaintiff MJ's HERBALS, LLC ("MJ's Herbals" or "Plaintiff"), by and through its

undersigned counsel, alleges as follows against Defendants ORGANIC BOTANICALS,

LLC DBA EM'S HERBALS, and EMILY PACHECO (collectively, "Defendants"):


                                        <u>**PARTIES**</u>


        1.      Plaintiff MJ's Herbals, LLC, is a New York limited liability company with its

principal place of business at 385 E. 18th Street, 3B, Brooklyn, NY 11226.


        2.      Upon information and belief, Em's Herbals is a trade name created in

November 2016 for use by defendant Organic Botanicals, LLC, and uses an address at

1304 Meador Ave, Suite B-105, Bellingham, Washington 98229.

3.      Upon information and belief, defendant Organic Botanicals, LLC, is a Washington limited liability entity owned and controlled by defendant Emily Pacheco, also having an address at 1304 Meador Ave, Suite B-105, Bellingham, Washington 98229.

4.      Upon information and belief, defendant Emily Pacheco is an individual residing in Washington State with a last known address at 1304 Meador Ave, Suite B-105, Bellingham, Washington 98229.

## JURISDICTION AND VENUE

5.      This action arises under the federal Trademark Act, 15 U.S.C. § 1051 *et seq.*, and related state statutes and common law doctrines. This Court has subject matter jurisdiction under 15 U.S.C. § 1121, 28 U.S.C. § 1332(a), 28 U.S.C. § 1338(a) and (b), and 28 U.S.C. § 1367(a).

6.      The Defendants are subject to personal jurisdiction in this district because they transact business in New York and contract to supply goods in New York, and because they have caused tortious injury to MJ's Herbals, LLC, in New York, regularly do or solicit business in New York, and/or derive substantial revenue from goods used or consumed in New York.

7.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) insofar as a substantial part of the events or omissions giving rise to the claim occurred in this district.

## PLAINTIFF'S BUSINESS AND TRADEMARKS

8.      MJ's Herbals is a Brooklyn-based limited liability company that owns a popular line of herbal, wellness skin products.

9.      MJ's Herbals is, and was, at all relevant times, the the owner of the United States trademark registration No. 3,414,461 for MJ'S HERBALS, which was registered on April 22, 2008, with a first use claimed since July 2000, and the owner of the United States trademark registration No. 5,573,862 for MJ's HERBALS (the "MJ's Herbals mark"), which was registered on October 2, 2018, with a first use claimed since July 2000. The MJ's Herbals mark is for: Skin care preparations, namely, body balm; Non-medicated herbal body care products, namely, body oils, salves, and lip balms; and Non-medicated skin care preparations, namely, salves, balms, oils, creams, lotions, soaps, shampoos, and cosmetics.

10.      MJ's Herbals has spent, and continues to spend, significant amounts of time and money promoting the MJ's Herbals mark.  MJ's Herbals products are sold in retail stores from coast to coast, in markets and bizarres, and through many online retailers in the United State and internationally.  MJ's Herbals sells thousands of its products every month.  MJ's Herbals has offered for sale to the public their products of various types since August of 2000.  MJ's Herbals has also promoted their products bearing the MJ's Herbals mark via various social media outlets since 2008. The website operated by plaintiff, www.mjsherbals.com, in conjunction with the social media and retail store marketing and sales, clearly states the mark is federally registered and owned by Plaintiff.  As a result of the aforementioned activities, plaintiff has built

3

substantial goodwill in the MJ's Herbals mark, which has become well-known.

11.     Plaintiff's MJ's Herbals mark is famous, inherently distinctive, and/or has acquired distinctiveness, represents valuable goodwill, has gained a reputation for quality belonging exclusively to MJ's Herbals, and is widely recognized by the trade and the general consuming public of the United States as a designation of source for MJ's Herbals products.

12.     MJ's Herbals trademark registration is evidence of the validity of the MJ's Herbals mark, and of MJ's Herbals ownership of the mark, and of MJ's Herbals exclusive right to use and license the MJ's Herbals mark throughout the United States.

## DEFENDANTS' ACTIVITIES

13.     Upon information and belief, Defendants Organic Botanicals, LLC and Em's Herbals are owned and controlled by Emily Pacheco.

14.     Defendant Organic Botanicals, LLC was formed in Washington State in January 2015.

15.     Upon Information and belief, nearly two years later, on or about November 2016, defendants Emily Pacheco and/or Organic Botanicals, LLC, made "Em's Herbals" a trade name for defendant Organic Botanicals, LLC.  Upon information and belief, in 2017, Defendants obtained the domain name  www.emsherbals.com.

16.     Upon information and belief, defendants' use of "Em's Herbals" as a trade name was in response to the success of the MJ's Herbals mark.

4

17.     "Em's Herbals" and "MJ's Herbals" sound alike and look alike, such that it has caused and continues to cause confusion among the consuming public.

18.     Moreover, defendants are not merely using a trade name that looks and sounds like the plaintiff's trade name.

19.     The defendants have fashioned their products to look like plaintiff's products.

20.     One of plaintiff's top selling products is its calendula salve (shown below).



21.     Defendants are also selling a calendula salve, under the name Em's Herbals, that looks deceptively similar:



5

22.     The calendula salve being sold under the name "Em's Herbals" imitates the look of plaintiff's calendula salve in that it too is a small transparent container with a black cover, and a colored label (colored orange).

23.     Plaintiff's product lines generally consist of clear containers with a black cover, with a colored label that changes with the product's contents.

24.     Em's Herbals products generally consist of clear containers with a black cover, with a colored label that changes with the product's contents.

25.     Mj's Herbals' second most popular product is its arnica salve (shown below).  Plaintiff continues the pattern of clear container with a black cover, and with a colored label that is blue and yellow for the arnica salve.



26.     Arnica salve being sold under the name "Em's Herbals" follows MJ's Herbals by using a transparent container with a black cover, and changes the color of the label to yellow (shown below).



6

27.    MJ's Herbals' line of wellness and skincare products are clear containers with black covers and a variety of colored labels. "Em's Herbals" branded products appear the same way. Likewise, defendant Organic Botanicals, LLC is selling herbal wellness and skin care products using the same package design as plaintiff (shown below):



28.    MJ's Herbals created a popular skin care product for the care of tattoos which plaintiff uniquely calls "Tattoo Balm" and "TATTOO AFTERCARE BALM" on its products and on its website and on online retail websites and distributors. MJ's Herbals' Tattoo balm dons a white label (shown below).



29.    Subsequently, Defendants have begun selling a "Tattoo Balm" under the

name "Em's Herbals", also with a white label (shown below).



30.    A search on Amazon for "MJ's Herbals" returns results for Em's Herbals as well.

31.    A search on Amazon for "MJ's Herbals calendula salve" returns "Em's Herbals calendula salve" as its first result.

32.    Amazon allows its sellers to pay to show up in searches.

33.    On information and belief, Defendants paid Amazon to show up in searches for "MJ's Herbals".

34.    By letter dated November 30, 2018, Plaintiff demanded that Defendants cease and desist their injurious activities.  To date, the Defendants have failed to comply or to communicate any willingness to comply.

35.    There is a likelihood of confusion as a consequence of Defendants' activities.  Actual confusion has occurred and continues to occur.

## CLAIMS FOR RELIEF

COUNT I (ALL DEFENDANTS)

INFRINGEMENT OF A REGISTERED TRADEMARK (FEDERAL)

36.     Plaintiff repeats and re-alleges the allegations of paragraphs 1 through 35 as if set forth herein.

37.     Defendants' unlawful and improper actions, as set forth above, in connection with selling, offering for sale, distributing, or advertising its products, is likely to cause confusion, or to cause mistake, or to deceive consumers as to the source, origin, affiliation, association, or sponsorship of goods.

38.     Defendants' use of the Em's Herbals mark constitutes infringement of Plaintiff's registered trademark, in violation of the Lanham Act, 15 U.S.C. § 1114.

39.     As a result of Defendants' acts of infringement, Plaintiff has suffered and/or is likely to suffer damage to its business, its business reputation, and its goodwill.

40.     Defendants, and each of them, have engaged in these activities willfully.

41.     Defendants' acts of infringement, unless enjoined by this Court, will continue to cause Plaintiff irreparable damage, loss and injury, for which Plaintiff has no adequate remedy at law and Plaintiff is therefore entitled to a preliminary and permanent injunction restraining each of the Defendants, their officers, agents, and employees, and all persons acting in concert with them, from further infringement of the

9

MJ's Herbals mark.

42.     Plaintiff is further entitled to recover from the Defendants, and each of them, the actual damages it has sustained or is likely to sustain as a result of the Defendants' wrongful infringement, in an amount to be determined at trial.  Plaintiff is also entitled to recover all gains, profits, and advantages that the Defendants, and each of them, has obtained or will obtain as a result of its wrongful conduct, in an amount to be determined at trial.

COUNT II (ALL DEFENDANTS)

TRADEMARK DILUTION (FEDERAL)

43.     Plaintiff repeats and re-alleges the allegations of paragraphs 1 through 42 as if set forth herein.

44.     Plaintiff's MJ's Herbals mark is well-known and distinctive among the herbals skin care business and the general consuming public in the United States, and has been well-known since long before defendants commenced use of "Em's Herbals" as a mark.

45.     Defendants' use in interstate commerce of the "Em's Herbals" mark, its imitation of Plaintiff's product line, and its imitation of Plaintiff's packaging design in connection with selling, offering for sale, distributing, or advertising its products is likely to dilute the distinctive quality of Plaintiff's MJ's Herbals mark in violation of 15 U.S.C. § 1125(c).

46.     Defendants' acts described above are unlawful and constitute violations of

the federal anti-dilution statute, 15 U.S.C. § 1125(c).

47.     Defendants' acts of dilution have caused Plaintiff injury.

48.     On information and belief, Defendants' acts of trademark dilution have been done willfully and deliberately and Defendants have profited and been unjustly enriched by sales that Defendants would not otherwise have made but for their unlawful conduct. As such, Plaintiff is entitled to the disgorgement of Defendants' profits under 15 U.S.C.§ 1117(a).

49.     Plaintiff is further entitled to recover treble damages pursuant to 15 U.S.C. § 1117(a).

50.     Plaintiff has no adequate remedy at law. Plaintiff is entitled to preliminary and permanent injunction restraining the Defendants, and each of them, their officers, agents, and employees, and all persons acting in concert with them, from further dilution of the MJ's Herbals mark, because the conduct of Defendants described above has caused and, if not enjoined, will continue to cause irreparable damage to the rights of Plaintiff in its trademark, and to the business, reputation, and goodwill of Plaintiff.

51.     Plaintiff has been damaged by, and Defendants have profited from, Defendants' wrongful conduct in an amount to be proven at trial.

52.     This case qualifies as an "exceptional case" within the meaning of 15 U.S.C. § 1117(a) in that Defendants' actions have been malicious, fraudulent, deliberate, willful, and taken in bad faith with full knowledge and in conscious disregard of Plaintiff's rights. As such, Plaintiff is entitled to recover its attorneys' fees pursuant to 15 U.S.C. § 1117(a).

COUNT III (ALL DEFENDANTS)

UNFAIR COMPETITION/FALSE DESIGNATION OF ORIGIN (FEDERAL)

53.    Plaintiff repeats and re-alleges the allegations of paragraphs 1 through 52 as if set forth herein.

54.    Defendants have used and continue to use the "Em's Herbals" mark and the clear containers with black covers and variously colored labels in commerce, and are distributing, advertising, offering for sale and selling their products in a manner that is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection or association of "Em's Herbals" with the MJ's Herbals mark, or as to the origin, sponsorship or approval of Defendants' goods by MJ's Herbals.

55.    Defendants' use in interstate commerce of the "Em's Herbals" mark and the clear containers with black covers and variously colored labels in commerce, is also likely to attract consumers by reminding them—either consciously or unconsciously—of the high-quality wellness, skin care products sold by Plaintiff.

56.    Defendants' actions alleged herein constitute a willful false designation of origin in violation of 15 U.S.C. § 1125(a).

57.    Unless restrained and enjoined by this Court, Defendants will continue using the confusingly similar name, product line, and package design, which will irreparably harm plaintiff MJ's Herbals LLC.  Plaintiff has no adequate remedy at law, and is therefore entitled to a preliminary and permanent injunction restraining

Defendants, their officers, agents, and employees, and all persons acting in concert with them, from falsely designating the origin of Defendants' products.

58.     As a result of Defendants' misconduct, Plaintiff has suffered or is likely to suffer damage to its business reputation and goodwill, and is therefore entitled to recover from Defendants, and each of them, the actual damages it has sustained as a result of their wrongful acts, in an amount to be determined at trial.

59.     Defendants' misconduct has been knowing, willful and in deliberate disregard of Plaintiff's rights and of Defendants' obligations under federal law, such that Plaintiff is entitled to recover enhanced damages under 15 U.S.C. § 1117(a).

60.     This is an exceptional case within the meaning of 15 U.S.C. § 1117(a), such that Plaintiff should be awarded its reasonable attorneys' fees.

## COUNT IV (ALL DEFENDANTS)

## COMMON LAW TRADEMARK INFRINGEMENT

61.     Plaintiff repeats and re-alleges the allegations of paragraphs 1 through 60 as if set forth herein.

62.     Plaintiff, through its continuous and longstanding use of the MJ's Herbals mark, Plaintiff enjoys common law rights that are superior to and have priority over any rights the Defendants have in any similar mark.

63.     Defendants' unauthorized use of the "Em's Herbals" mark to promote, advertise, market, and sell their goods is likely to cause confusion, mistake, and

deception about the identity and origin of Defendants' goods, or the existence of some connection, affiliation, or licensing arrangement between Defendants and plaintiff MJ's Herbals, which does not exist, thus causing irreparable harm to Plaintiff for which there is no adequate remedy at law.

64.     Defendants' conduct thus constitutes common law trademark infringement.

65.     Despite Defendants' actual and constructive knowledge of Plaintiff's rights in and prior use of the MJ's Herbals mark, Defendants have continued using the "Em's Herbals" mark without Plaintiff's authorization or consent. The Defendants' actions are deliberate and willful and have been done with the intent to trade on the valuable goodwill associated with the MJ's Herbals mark that Plainitff has spent nearly two decades developing.

66.     Plaintiff has suffered damages from the Defendants' misconduct in an amount to be determined at trial.

COUNT V (ALL DEFENDANTS)

NEW YORK STATE LAW TRADEMARK INFRINGEMENT

67.     Plaintiff repeats and re-alleges the allegations of paragraphs 1 through 66 as if set forth herein.

68.     Through Plaintiff's continuous use of the MJ's Herbals Trademark in commerce for nearly 2 decades, the MJ's Herbals mark has acquired a high degree of distinctiveness and has come to be associated by the consuming public with high

quality wellness and skin care products.

69.     Defendants' continued unauthorized use of the "Em's Herbals" mark and their imitation of Plaintiff's product line and package design is likely to injure Plaintiff's sales and business reputation, and to dilute the distinctive quality of its MJ's Herbals mark, in violation of N.Y. Gen. Bus. Law § 360-l.

70.     Unless restrained and enjoined by this Court, the Defendants' will continue using the confusingly similar "Em's Herbals" mark and will continue to imitate Plaintiff's product line and package design to trade on Plaintiff's good will and to dilute the distinctive quality of the MJ's Herbals mark, resulting in irreparable harm to Plaintiff.

COUNT VI (ALL DEFENDANTS)

UNFAIR COMPETITION (NEW YORK STATE LAW)

71.     Plaintiff repeats and re-alleges the allegations of paragraphs 1 through 70 as if set forth herein.

72.      Without authorization, Defendants have used and continue to use in commerce the "Em's Herbals" mark, and to imitate Plaintiff's product line and package design, and are distributing, advertising, offering for sale and selling their products in a manner that is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection or association of "Em's Herbals" with the MJ's Herbals mark, or as to the origin, sponsorship or approval of Defendants' goods by MJ's Herbals.

73.     On information and belief, the Defendants are paying or otherwise causing their products to show up in the results of all searches for "MJ's Herbals" and/or

and of MJ's Herbals products.

74.     Defendants' acts have caused and are likely to continue to cause confusion or mistake among the trade and the public as to an affiliation, connection, or association of the MJ's Herbals mark with Plaintiff, and deceive the public as to the origin, sponsorship, or approval of the products bearing the "Em's Herbals" mark by Plaintiff.

75.     Defendants' acts constitute unfair competition, misappropriation and misuse of the MJ's Herbals mark, products, and package design, false advertising, and unjust enrichment, in violation of New York law.

76.     Defendants' wrongful acts will continue unless and until enjoined by this Court.

77.     Defendant's acts have caused, and will continue to cause, irreparable injury to Plaintiff.

78.     Plaintiff is thus entitled to an injunction pursuant to the law of the State of New York.

79.     Plaintiff has suffered damages from Defendants' acts of unfair competition in an amount to be determined at trial.

COUNT VII (ALL DEFENDANTS)

CYBERSQUATTING (FEDERAL)

80.     Plaintiff repeats and re-alleges the allegations of paragraphs 1 through 79

as if set forth herein.

81.     As owners, registrants, and/or operators of the "Infringing Website", which has a domain name - www.emsherbals.com (the "Domain Name") - comprised entirely of the MJ's Herbals mark, Defendants have engaged in a false designation of origin and/or had a bad-faith intent to profit and obtain other benefits from the registration, trafficking and/or use of the Domain Name, pursuant to the AntiCybersquatting Consumer Protection Act of 1999, 15 U.S.C. § 1125(d) (hereinafter the "Anti-Cybersquatting Act").

82.     The MJ's Herbals mark is and has been continuously used in commerce to identify Plaintiff's unique brand, business and products associated with the mark.

83.     The MJ's Herbals mark, as used and incorporated by Defendants in the Domain Name, were distinctive and famous, and were used by Plaintiff in commerce prior to and at the time the Domain Name was registered and/or otherwise obtained by Defendants, and at all other times relevant hereto.

84.     The Defendants' bad-faith intent is to use the Domain Name to direct and divert consumers to the Infringing Website, thus confusing consumers into believing that Plaintiff authorizes, sponsors or somehow is affiliated with Defendants'

unauthorized use of the MJ's Herbals mark, which is not the case.

85.     Plaintiff is informed and believes, and based thereon alleges that Defendants, and each of them, are trading on Plaintiff's good reputation and recognizable trademarks for a commercial purpose via the Infringing Website and Domain Name, thus converting the potential economic value in the MJ's Herbals mark to their own commercial advantage or in an effort to harm Plaintiff.

86.     Defendants' registration and use of the Infringing Website and Domain Name also dilutes the distinctiveness of the MJ's Herbals mark.

87.     Plaintiff is informed and believes and based thereon alleges that Defendants, and each of them, have had, and continue to have, a bad faith intent to profit from the Domain Name.

88.     Specifically, Defendants registered and/or purchased the Domain Name without the prior knowledge, permission, or consent of Plaintiff, and have undertaken efforts to obtain a profit and other benefits from exploitation and use of the Domain Name and Infringing Website, even after Plaintiff demanded that Defendants cease and desist their infringing behavior.

89.     Such actions constitute a violation of the Anti-Cybersquatting Act.

90.     Plaintiff is therefore entitled to a judgment from this Court compelling Defendants, and each of them, to transfer all ownership in the Domain Name to Plaintiff pursuant to 15 U.S.C. § 1125(d)(1)(c).

18

91.     Plaintiff is further entitled to a Preliminary and Permanent Injunction enjoining Defendants, and each of them, and their agents and employees and representatives, from any use of the Domain Name, or any other variations thereof, pursuant to 15 U.S.C. § 1116(a).

92.     Plaintiff is further entitled to a judgment from this Court awarding Plaintiff all actual damages proximately caused by Defendants, and each of them, or, in the alternative, statutory damages in the amount of $100,000, pursuant to 15 U.S.C. § 1117 (a) and (d).

93.     Plaintiff is further entitled to a judgment from this Court awarding it recovery of all costs of this action, including an award of reimbursement of reasonable attorneys' fees, pursuant to 15 U.S.C. § 1117 (a)(3).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff MJ's Herbals, LLC, respectfully requests that this Court:

A.  Preliminarily and permanently enjoin and restrain Defendants, and each of them, their officers, agents, servants, employees and attorneys, and any other person in active concert or participation with them, who receive actual notice of the Court's order, from using the "Em's Herbals" mark, or any other mark or designation that is

19

confusingly similar to the MJ's Herbals mark, in connection with the sale of any goods or the rendering of any services;

B.  Preliminarily and permanently enjoin and restrain Defendants, and each of them, their officers, agents, servants, employees and attorneys, and any other person in active concert or participation with them, who receive actual notice of the Court's order, from imitating MJ's Herbals product line and from imitating MJ's Herbals package design or using any design that is confusingly similar to MJ's Herbals products, in connection with the sale of any goods or the rendering of any services;

C.  Direct Defendants, and each of them, to immediately remove any and all references to "Em's Herbals" from its products, its trade name, its brick-and-mortar location, any brick-and-mortar locations where it's products are sold, all websites, all online retail locations, and from any other location or thing under Defendants', and each of their, control or influence;

D.  Award Plaintiff a monetary recovery on all counts in accordance with 15 U.S.C. § 1117, and in accordance with the common law and New York law, in an amount to be proven at trial;

E.  Find that this is an exceptional case within the meaning of 15 U.S.C. § 1117(a) and award Plaintiff its reasonable attorneys' fees for this action; and

F. Grant Plaintiff such other and further relief as the Court considers just and proper.

20

## JURY DEMAND

PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.

Respectfully submitted,

LAW OFFICE OF BRIAN M. HIGBIE

By: _____
Brian M. Higbie (BH 6952)
202 Barnes Street
Ossining, New York 10562
Tel: (914) 613-9250
Fax: (914) 902-9010
E-Mail: HigbieLaw@gmail.com